IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
02/09/2016

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| FRED LEE HERMAN and CHRISTINE | ) | CASE NO. 15-80027-G3-13 |
| NANCE HERMAN, | ) | |
| | ) | |
| Debtors | ) | |

## MEMORANDUM OPINION

The court held a hearing on "The Herman's Response/Objection to Bank of America's Notice of Post-Petition Mortgage Fees, Expenses and Charges" (Docket No. 62) filed by Fred Lee Herman and Christine Nance Herman, Debtors.  After consideration of the Objection and the Response thereto (Docket No. 63) filed by Bank of America, N.A., the pleadings, docket sheet, entire file, and argument of counsel, the court makes the following Findings of Fact and Conclusions of Law.  A separate Judgment will be entered sustaining the Objection.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

On January 21, 2015, Fred and Christine Herman ("Debtors") filed a voluntary joint petition and a proposed plan under Chapter 13 of the Bankruptcy Code.  William E. Heitkamp was appointed as the Chapter 13 Trustee.  The Fifth Amended Plan was confirmed on July 10, 2015.  Docket No. 58.

On April 30, 2015, Bank of America, N.A. ("Creditor") filed a proof of claim in the amount of $54,606.80.  Claims Register, Proof of Claim No. 7.  The proof of claim indicates that the claim is fully secured by real property located at 2183 County Road 529, Alvin, Texas, and that the claim did not include a prepetition arrearage.  Attached to the proof of claim is the note and deed of trust.

On September 22, 2015, Creditor filed a "Notice of Postpetition Mortgage Fees, Expenses, and Charges."  Docket No. 61.  In its Notice, Creditor asserts it incurred $425 in fees on May 1, 2015 for filing its proof of claim.  Debtors object to the Notice on the basis that Creditor was not required to file a proof of claim as the Debtors' account was current and was being paid directly by Debtors and not through the chapter 13 plan.  Debtors also object on the basis that no testimony or evidence was offered to verify that the claimed fees were actual, necessary or reasonable.  The parties stipulated that the Debtors were current on the mortgage as of the petition date.  The court finds that the Debtors' plan did not include payment of the monthly mortgage amount.

Section 506(b) of the Bankruptcy Code allows an oversecured creditor to recover "reasonable fees, costs, or charges provided for under the agreement."  Debtors value the property at $61,390.00.  Schedule A, Docket No. 1; Fifth Amended

2

Plan, Docket No. 54.  The proof of claim reflects that the approximate total debt owed, as of the petition date, is $54,606.80.  The court finds that Creditor is oversecured.

The underlying security agreements between Debtors and Creditor, a Texas Home Equity Security Instrument and Note, provide that if there is a legal proceeding, such as a proceeding in bankruptcy, that might significantly affect Creditor's interest in the property and rights under the Security Instrument, the Creditor may do and pay for whatever is reasonable or appropriate to protect its interest, including incurring reasonable attorney's fees.  The agreement also provides that such disbursements shall become additional secured debt under the agreement.  Attachments to Proof of Claim No. 7, Note, Page 3, Paragraph 6(E) and Security Instrument, Page 9, Paragraph 9.

Although Debtors are current on their payments to Creditor who is being paid outside of the confirmed plan, the fact that the bankruptcy proceeding is pending might still significantly affect Creditor's interest in the property.  The court notes that Creditor's proof of claim was filed prior to the confirmation of the Debtors' plan.  The court finds that it is not unreasonable for Creditor to have filed a proof of claim under the facts of this case, regardless of whether the creditor is required to do so.

Counsel for Creditor stated at the hearing that she has filed proof of claims on behalf of creditors and that the fees charged are flat fees that range from $400 to $500. Counsel for Creditor also stated that no time records are generated since the fees are not based on the time spent to review the details of a particular case and file a proof of claim.

The court has concluded in other bankruptcy cases, after the submission of evidence, that a flat or fixed fee of $425 for the filing of a proof of claim is reasonable. In order for the court to determine that the fees are reasonable under section 506(b) of the Bankruptcy Code, the creditor must establish that fees were for services rendered that were necessary, that the fees were actually incurred, and that the amounts charged for the services rendered were reasonable.

Creditor offered no testimony or evidence. Even if the court considered the statements made by Creditor's counsel as a proffer of evidence, the court finds that the statements made do not establish that the claimed amount was incurred and paid by Bank of America to its counsel. Further, no evidence was submitted or proffer made to describe the services rendered which culminated in the filing of the proof of claim. The court finds that Creditor failed to sustain its burden of proof to show that the fees are reasonable under section 506(b) of the Bankruptcy Code.

4

<u>Conclusions of Law</u>

Bankruptcy Rule 3002.1 provides in pertinent part:

(c) Notice of fees, expenses, and charges.  The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy e was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence.  The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

(d) Form and content.  A notice filed and served under subdivision (b) or (c) of this rule shall be prepared as prescribed by the appropriate Official Form, and filed as a supplement to the holder's proof of claim. The notice is not subject to Rule 3001(f).

(e) Determination of fees, expenses, or charges.  On motion of the debtor or trustee filed within one year after service of a notice under subdivision (c) of this rule, the court shall, after notice and hearing, determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code.

Rule 3002.1, Fed. R. Bankr. P.

Rule 3002.1(e) calls upon the court to make a determination of whether payment of a fee, expense, or charge is "required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments."

Section 506 of the Bankruptcy Code provides in pertinent part:

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection

5

(c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

To recover fees and costs in addition to its secured claim pursuant to section 506, the burden of proof is on the oversecured creditor to show that such fees and costs are reasonable.  In determining whether fees are reasonable within the meaning of the bankruptcy statute, the court must determine whether the creditor took the kinds of actions that similarly situated creditors might reasonably conclude should be taken under the circumstances and that the fees and costs claimed are reasonable amounts to charge for the services rendered.  *See In re Valdez,* 324 B.R. 296 (Bankr. S.D. Tex. 2005) citing *Coward v. AC & S, Inc.*, 91 Fed.Appx. 919 (5th Cir. 2004) and *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995).

Based on the foregoing, a separate Judgment will be entered sustaining Debtors' objection to Bank of America's Notice of fees due.

Signed at Houston, Texas on this 9th day of February, 2016.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE